**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LCS Group LLC,

                 Plaintiff,

-against-

Shire LLC, et al.,

                 Defendant.

1:18-cv-02688 (AT) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by attorney Stephen M. Lobbin ("Lobbin"), filed on June 12, 2019 (ECF No. 96), seeking reconsideration of this Court's Opinion and Order, dated May 29, 2019 (5/29/19 Op. & Order, ECF No. 92), which fixed the amount of the monetary sanctions awarded against LCS Group, LLC ("LCS"), Lobbin and Foundation Law Group LLP ("Foundation"), jointly and severally, at $133,803.75. For the reasons set forth below, Lobbin's motion is DENIED.

**BACKGROUND**

In an Order dated March 8, 2019, District Judge Analisa Torres granted the motion made by Defendants Shire LLC, Shire Development LLC, Shire PLC and Haug Partners LLP (collectively, the "Defendants") for sanctions; ordered LCS, Lobbin and Foundation "jointly and severally, to reimburse [Defendants] for their reasonable attorney's fees and other expenses associated with briefing the motion to dismiss and the motion for sanctions;" and instructed Defendants to file a motion for attorneys' fees if the parties were unable to reach agreement as to the amount to be paid by LCS, Lobbin and Foundation. *See LCS Grp., LLC v. Shire LLC*, No. 18-CV-02688 (AT), 2019

WL 1234848, at **13,18 (S.D.N.Y. Mar. 8, 2019). Lobbin did not seek reconsideration of Judge Torres' March 8, 2019 Order.

On April 5, 2019, after an agreement was not reached regarding the amount of attorneys' fees to be paid, Defendants filed a motion seeking $250,000.00 in attorneys' fees. (Defs.' Mem., ECF No. 81, at 6.) In an Opinion and Order dated May 29, 2019, I granted Defendants' motion in part and denied it in part, and ordered LCS, Lobbin and Foundation, jointly and severally, to pay the sum of $133,803.75 to Defendants. *LCS Grp. LLC v. Shire LLC, et al.*, No. 18-CV-02688 (AT) (SDA), 2019 WL 2280344, at *8 (S.D.N.Y. May 29, 2019).

On June 12, 2019, Lobbin filed a motion for reconsideration of my May 29, 2019 Opinion and Order. (Mot. for Reconsideration, ECF No. 96.) On June 26, 2019, Defendants filed their memorandum in opposition. (Def. Mem., ECF No. 98.) Lobbin filed a reply on July 3, 2019. (Reply, ECF No. 99.)

## **ANALYSIS**

In his reconsideration motion, Lobbin appears to seek reconsideration of three aspects of the March 8, 2019 Order entered by Judge Torres: (1) the finding that Foundation was jointly and severally liable for the sanctions imposed;[1] (2) the finding that Lobbin was "misleading" in arguing that he timely withdrew the RICO claim within the Rule 11 safe harbor period;[2] and (3) the Court's

---

[1] *LCS Grp., LLC*, 2019 WL 1234848, at *18 ("Under these circumstances, the Court finds that the appropriate sanction is requiring LCS and Lobbin, jointly and severally, to reimburse Shire and Haug for their reasonable attorney's fees and other expenses associated with briefing the motion to dismiss and the motion for sanctions." ["Lobbin" had been collectively defined by Judge Torres earlier in her Order to include both Lobbin and Foundation. *See id*. at *13.]).

[2] *LCS Grp., LLC*, 2019 WL 1234848, at *16 ("LCS's statement in an August 7, 2018 letter to the Court that it agreed to dismiss its RICO claim . . . is misleading because the letter stated only that LCS 'likely [would] agree to dismiss that claim in [its] response to the pending motion to dismiss.'" (citations to record omitted)).

2

dismissal of LCS's breach of contract claim.³ (*See* Mot. for Reconsideration at 2-4, 7-9.) In this district, reconsideration motions are governed by Local Civil Rule 6.3, and must be "served within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civ. R. 6.3. It is far too late for Lobbin to seek reconsideration of the March 8, 2019 Order.

Lobbin in his reconsideration motion also challenges the amount of fees awarded in my May 29, 2019 Opinion and Order. (*See* Mot. for Reconsideration at 1-2.) His reconsideration motion is timely as to my May 29, 2019 Opinion and Order, meaning that his arguments as to the amount of the sanctions I imposed are not barred by the 14-day time limit contained in Rule 6.3.⁴ However, his motion fails under the applicable legal standards.

Reconsideration is an "extraordinary remedy to be applied sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration is not to be used as a substitute for appeal. *See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters,

---

³ *LCS Grp., LLC*, 2019 WL 1234848, at *8.

⁴ Some judges have concluded that Local Civil Rule 6.3 does not allow for motions for reconsideration to be made to magistrate judges, reasoning that 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) "requires that objections to a magistrate judge's non-dispositive order be timely made to the district judge assigned to the case." *See Koehler v. Bank of Bermuda, Ltd.*, No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003). However, "nothing in the text of Local Civil Rule 6.3 suggests that it is inapplicable to orders issued by magistrate judges." *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 16-CV-01318 (GBD) (BCM), 2019 U.S. Dist. LEXIS 100279, at *7 n.2 (S.D.N.Y. Jun. 13, 2019) ("magistrate judges in this district routinely entertain and determine reconsideration motions as to their own orders pursuant to Local Civil Rule 6.3").

in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See also* Local Civ. R. 6.3 (movants must "[set] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

In the present case, Lobbin has not set forth any matters or data that I overlooked in arriving at the amount of sanctions to be awarded. Nor has he pointed to any controlling decisions that I overlooked, or anything that reasonably might be expected to alter my conclusions.[5] Thus, there is no factual or legal basis for me to reconsider the sanctions amount imposed. Even if there were such a basis, I carefully have reviewed the parties' submissions regarding the reconsideration motion and I adhere to my prior decision.

Lobbin argues that, in determining the amount of sanctions to be imposed, I should have considered only his ability to pay, and not the ability of Foundation to pay. (Mot. For Reconsideration at 2-4; Reply at 2-3.) However, even if Lobbin does not have the ability to pay the entire sanctions amount—which is far from clear on the record—under the express provisions of Rule 11, Foundation is "jointly responsible" for the violation committed by Lobbin. *See* Fed. R. Civ. P. 11(c)(1). Foundation provides an additional source of funds to pay the sanctions awarded and its ability to pay (which has not been questioned) therefore is relevant.

---

[5] Lobbin argues that I overlooked that his prior sanctions history "already had been assessed by" Judge Torres and that it "should be of limited relevance." (Mot. for Reconsideration at 5.) However, Lobbin points to nothing that I overlooked with respect to the misleading statements he made in the Declaration he filed in opposition to the motion before me regarding his prior sanctions history. (*See* 5/29/19 Op. & Order at 12-13.) Lobbin also argues that I overlooked the fact that Defendants during the conferral process failed to act in good faith. (Mot. for Reconsideration at 6-7.) I did not, and do not, find that Defendants failed to act in good faith.

## CONCLUSION

For the foregoing reasons, Lobbin's motion for reconsideration (ECF No. 96) is DENIED.

Dated: New York, New York
July 5, 2019

**SO ORDERED**.

_____
**STEWART D. AARON**
**United States Magistrate Judge**