USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---
LCS Group, LLC,

                Plaintiff,

-against-

Shire LLC, Shire Development LLC, Shire PLC, Haug Partners LLP, and Baker Hostetler LLP,

                Defendants.

18 Civ. 2688 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

      The question before this Court is whether decisions made by the Honorable Stewart D. Aaron are to be considered rulings on "dispositive" or "non-dispositive" matters. For the reasons below, the rulings on (1) attorney's fees, ECF No. 92, and (2) reconsideration of that attorney's fees opinion, ECF No. 100, shall be considered rulings on dispositive motions.

## BACKGROUND

      The procedural history is summarized in brief. On March 8, 2019, the Court granted Defendants' motions to dismiss, ECF Nos. 38 & 54, and Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11, ECF No. 47. ECF No. 75. In its holding on sanctions, the Court held that "the appropriate sanction is requiring LCS and Lobbin, jointly and severally, to reimburse Shire and Haug for their reasonable attorney's fees and other expenses associated with briefing the motion to dismiss and the motion for sanctions." ECF No. 75 at 37. The Court ordered the parties to confer in an effort to reach agreement on reasonable expenses, and for Defendants to file a motion for attorney's fees absent such agreement. *Id.* at 38.

      On April 5, 2019, Defendants filed a motion for attorney's fees. ECF No. 80. On April 10, 2019, Plaintiff filed a notice of appeal from the Court's judgment with respect to the motions to dismiss and motion for sanctions. ECF No. 83.

      On April 11, 2019, the Court issued an order of reference to the Judge Aaron referring, among other motions, the motion for attorney's fees as a "[n]on-[d]ispositive [m]otion/[d]ispute." ECF No. 84.

      On May 29, 2019, Judge Aaron issued an opinion and order granting in part and denying in part Defendants' motion for attorney's fees. ECF No. 92. On June 12, 2019, Plaintiff filed a motion for reconsideration of Judge Aaron's attorney's fees order. ECF No. 96. On June 15, 2019, Plaintiff amended its notice of appeal to include the attorney's fees order at ECF No. 96. ECF No. 97. On July 5, 2019, Judge Aaron denied Plaintiff's motion for reconsideration. ECF No. 100.

On August 2, 2019, Plaintiff filed a notice of appeal of Judge Aaron's denial of its motion for reconsideration. ECF No. 104. On January 3, 2020, the Second Circuit issued a mandate on each of the appeals, ECF No. 105, as further discussed below.

On January 8, 2020, Judge Aaron issued an order concluding that the "Fees and Reconsideration Opinions shall both be construed as Report and Recommendations." ECF No. 106 at 2. On January 9, 2020, Defendants filed a letter motion arguing that the rulings on attorney's fees and reconsideration were rulings on non-dispositive matters, and requested that the January 8, 2020 order be vacated. ECF No. 107. On January 9, 2020, Judge Aaron issued a memorandum endorsement deferring that question—whether the orders on attorney's fees and reconsideration are to be considered rulings on dispositive or non-dispositive issues—to this Court. ECF No. 108.

## DISCUSSION

In its order dated December 6, 2019, the Second Circuit held that it "lack[ed] jurisdiction over the present appeal," and it "need not decide whether the imposition of attorney's fees as a Rule 11 sanction presents a dispositive or nondispositive issue, which the [Second Circuit] left unsettled in *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010)." *Lobbin, et al. v. Shire LLC, et al.*, No. 19-2404 (2d Cir. Dec. 6, 2019); *see also* ECF No. 105-1 at 2.

Although the issue is unsettled in this circuit, the Court takes guidance from *Kiobel* and the authorities discussed therein. The Court, with the benefit of additional review of those and other cases, now holds that the motion for attorney's fees, and the motion for reconsideration of the magistrate's ruling on that motion, present dispositive issues.

In *Kiobel*, the Second Circuit declined to reach the question of whether a motion for sanctions under Rule 11 is to be treated as a dispositive or non-dispositive matter, because it deemed the statements at issue insufficient to support a Rule 11 motion regardless of the level of review that the district court should have applied to the magistrate court's decision on the motion. 592 F.3d at 83–84.

The Court finds compelling the reasoning set forth in the Honorable José A. Cabranes' concurring opinion in *Kiobel*, and the guidance of *Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995 (6th Cir. 1992) and *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994) on which it relied. 592 F.3d at 83–90. As Judge Cabranes observed in his concurrence, "the Supreme Court has compared a motion for Rule 11 sanctions to a criminal contempt charge insofar as each is 'a separate and independent proceeding at law that is not part of the original action.'" *Kiobel*, 592 F.3d at 86 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). The Second Circuit has previously considered "the imposition of sanctions [as] an issue collateral to and independent from the underlying case." *Id.* (internal quotation marks and citation omitted); *see also id.* at 87 (noting that sanctions are generally imposed on attorneys, not litigants). Judge Cabranes further notes that the ability to punish acts of criminal contempt that occur in the magistrate judge's presence "is a narrow statutory exception to the general principle that magistrate judges may not dispose of claims when acting by referral, and there is no basis to expand this exception, solely by judicial action, to include Rule 11 sanctions." *Id.* at 88.

For those reasons, the Court holds that the motion for attorney's fees and motion for reconsideration pose "dispositive" questions and should have been referred for a report and recommendation.

**CONCLUSION**

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to vacate the January 8, 2020 Report and Recommendation is DENIED.

2. The deadline for filing objections to the January 8, 2020 Report and Recommendation shall be extended to 14 days (including weekends and holidays) of service of this order, and as further set forth in the Notice of Procedure for Filing Objections to the Report and Recommendation. *See* ECF No. 106 at 3.

Contemporaneously with this opinion, the Court issues an amended order of reference that refers the motion for attorney's fees, ECF No. 80, as a dispositive motion *nunc pro tunc*.

SO ORDERED.

Dated: January 13, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge