```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/22/2020_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LCS Group, LLC,

                Plaintiff,

-against-

Shire LLC, Shire Development LLC, Shire PLC, and Haug Partners LLP,

                Defendants.

18 Civ. 2688 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, LCS Group LLC, brought this action against Defendants, Shire LLC, Shire Development LLC, Shire PLC, and Haug Partners LLP, alleging fraud and other claims stemming from a patent dispute. *See* ECF Nos. 1 & 27. On March 8, 2019, the Court granted Defendants' motion to dismiss and motion for sanctions. *See* ECF No. 75. The Court determined that, as the appropriate sanction, Plaintiff and its counsel, Stephen Lobbin and Lobbin's now-former law firm, Foundation Law Group LLP, must jointly and severally pay Defendants' attorney's fees and expenses associated with briefing the motion to dismiss and the motion for sanctions. *See id.* at 28, 37–38. The motion for attorney's fees was thereafter referred to the Honorable Stewart D. Aaron as a non-dispositive motion. ECF No. 84.

    Now before the Court are (1) Defendants' motion for reconsideration, ECF No. 112, of the Court's order dated January 13, 2020, which held that Defendants' motion for attorney's fees should have been referred to Judge Aaron as a dispositive, rather than non-dispositive, matter, *see* January 13 Order, ECF No. 110; and (2) Lobbin's objections to Judge Aaron's Report and Recommendation ("R&R"), ECF No. 106, on Defendants' motion for attorney's fees, *see* ECF No. 114. For the reasons stated below, the motion for reconsideration is GRANTED in part and DENIED in part, and the R&R is ADOPTED in its entirety.

## BACKGROUND[1]

The Court presumes familiarity with the facts underlying this case, and focuses on summarizing the procedural history relevant to resolving the remaining disputes before it. On March 8, 2019, the Court granted Defendants' motion to dismiss the complaint, as well as Defendants' motion for sanctions under Federal Rule of Civil Procedure 11. *See* ECF No. 75. The Court held that "the appropriate sanction is requiring LCS and Lobbin, jointly and severally, to reimburse Shire and Haug for their reasonable attorney's fees and other expenses associated with briefing the motion to dismiss and the motion for sanctions." *Id.* at 37. The Court directed the parties to confer in an effort to reach agreement on reasonable attorney's fees and expenses, and for Defendants to file a motion for attorney's fees absent such agreement. *Id.* at 37–38.

On April 5, 2019, Defendants filed a motion for attorney's fees. ECF No. 80. On April 10, 2019, Plaintiff filed a notice of appeal to the Second Circuit from the Court's judgment with respect to the motions to dismiss and for sanctions. ECF No. 83. On April 11, 2019, the Court referred the motion for attorney's fees to Judge Aaron as a "[n]on-[d]ispositive [m]otion/[d]ispute." ECF No. 84.

On May 29, 2019, Judge Aaron issued an opinion and order granting in part and denying in part Defendants' motion for attorney's fees. ECF No. 92. On June 12, 2019, Plaintiff moved for reconsideration of Judge Aaron's attorney's fees order. ECF No. 96. On June 15, 2019, Plaintiff amended its notice of appeal to include an appeal of Judge Aaron's attorney's fees order at ECF No. 92. ECF No. 97. On July 5, 2019, Judge Aaron denied Plaintiff's motion for reconsideration. ECF No. 100. On August 2, 2019, Plaintiff filed a notice of appeal of Judge Aaron's denial of its motion for reconsideration. ECF No. 104.

---

[1] The Court presumes familiarity with the facts, which are set forth in the R&R. *See* R&R at 5–8. The Court refers to the R&R's ECF page cites.

On January 3, 2020, the Second Circuit issued a mandate on each of the appeals, ECF No. 105, holding that the court of appeals "lack[ed] jurisdiction over the present appeal" of Judge Aaron's decision on attorney's fees, because such a decision was either (1) a report and recommendation on a dispositive issue, and thus not a final appealable order, or (2) Judge Aaron's order was a ruling on a non-dispositive issue, and thus properly appealable to the district court, and not to the Second Circuit. *Lobbin, et al. v. Shire LLC, et al.*, No. 19-2404 (2d Cir. Dec. 6, 2019); *see also* ECF No. 105-1 at 2. The Second Circuit further stated that it "need not decide whether the imposition of attorney's fees as a Rule 11 sanction presents a dispositive or nondispositive issue, which the [Second Circuit] left unsettled in *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010)."

On January 8, 2020, Judge Aaron issued an order concluding that the "[attorney's] [f]ees and [r]econsideration [o]pinions shall both be construed as [r]eport and [r]ecommendations" on a dispositive issue, and appended copies of the decisions dated May 29 and July 5, 2019 as exhibits to that order. ECF No. 106 at 2; *see id.* at 5–26. By letter dated January 9, 2020, Defendants argued that the rulings on attorney's fees and reconsideration were rulings on non-dispositive matters, and requested that the January 8, 2020 order be vacated. ECF No. 107. On January 9, 2020, Judge Aaron issued a memorandum endorsement deferring that question—of whether the orders on attorney's fees and reconsideration are to be considered rulings on dispositive or non-dispositive issues—to this Court. ECF No. 108.

On January 13, 2020, the Court held that the motion for attorney's fees posed "dispositive" questions and should have been referred for a report and recommendation, and extended the time to file objections to Judge Aaron's rulings on the attorney's motion to 14 days after the issuance of the January 13 Order. January 13 Order at 2–3, ECF No. 110.

Defendants thereafter moved for reconsideration of the Court's January 13 Order, ECF No. 112, and Lobbin filed objections to Judge Aaron's rulings on attorney's fees, ECF No. 114.

## DISCUSSION

I. Motion for Reconsideration

"Local Rule 6.3 permits a party to move for reconsideration based on matters or controlling decisions which counsel believes the court has overlooked." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). "[A] court may grant reconsideration where the party . . . demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (internal quotation marks and citation omitted); *see NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016) (noting that the standard governing Local Rule 6.3 is the same as that governing Federal Rule of Civil Procedure 59(e)). It is "well-settled," however, "that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, alteration, and citation omitted). Instead, the rule permitting reconsideration is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399.

A. Attorney's Fees as a Rule 11 Sanction

In its January 13 Order, the Court made a ruling regarding a question the Second Circuit expressly stated was "unsettled": "whether imposition of attorney's fees as a Rule 11 sanction presents a dispositive or non-dispositive issue." *Lobbin*, No. 19-2404, at 2. And, in reviewing the Second Circuit's authority on the matter—including *Kiobel*, 592 F.3d, and the authorities cited therein—the Court determined that the arguments were more persuasively in favor of concluding that a motion for attorney's fees as sanctions be considered a dispositive motion. *See* January 13 Order at 2–3.

In moving for reconsideration, Defendants also rely on *Kiobel*, and point to a concurring opinion therein by the Honorable Pierre N. Leval to support their position that a motion for sanctions under Rule 11 may be properly deemed a non-dispositive matter. Def. Mem. at 4–5, ECF No. 113. But the Court reviewed precisely this concurrence in deciding otherwise, and in adopting the reasoning set forth in the separate concurrence by the Honorable José A. Cabranes. *See* January 13 Order at 2. The Court need not, however, rehash the substance of the competing concurring opinions for, as the court of appeals pointedly stated, the issue is expressly unresolved in this circuit. Defendants have, therefore, failed to "demonstrate that the Court overlooked *controlling* decisions . . . that were put before it," *Dietrich*, 198 F.R.D. at 399 (emphasis added), and have not established clear error in the Court's determination that the attorney's fees motion should have been ruled upon as a dispositive motion, *Lobbin*, No. 19-2404, at 2.

Nor have Defendants shown that "manifest injustice" would result from the Court's decision. *In re Facebook*, 43 F. Supp. 3d at 373. Although Defendants would prefer the contrary holding, *see* Def. Mem. at 2 (describing the "practical consequences" of the ruling on

5

the procedural posture of the case), the loss of a litigation advantage does not amount to injustice warranting reconsideration.

Accordingly, Defendants' motion for reconsideration of the portion of the Court's January 13 Order, which held that the motion on attorney's fees presents a dispositive issue requiring a report and recommendation, is DENIED.

### B. Time to File Objections

Expressing disagreement with Judge Aaron's findings on the appropriate attorney's fees sanction, Lobbin filed objections to Judge Aaron's order dated January 8, 2020, which attached, as exhibits, the decisions on attorney's fees dated May 29 and July 5, 2019.[2]  However, Defendants argue that even if the motion for attorney's fees required a report and recommendation, the Court should reconsider its decision to "[r]eopen" the objection period to Judge Aaron's rulings on attorney's fees dated May 29 and July 5, 2019, and deem Lobbin's objections, filed on January 27, 2020, untimely.  Def. Mem. at 7.  Specifically, Defendants argue that Lobbin's objections were due within 14 days of Judge Aaron's orders as originally issued on May 29 and July 5, 2019, respectively—and not when those decisions were attached as exhibits to Judge Aaron's order dated January 8, 2020—and because Lobbin allowed the original 14-day period for filing objections to lapse, he waived his opportunity to object.  *Id.* at 7–8.  The Court agrees.

Rule 72(a) of the Federal Rules of Civil Procedure requires that a party must file its objections to a magistrate judge's ruling on non-dispositive motion "within 14 days" of service. Fed. R. Civ. P. 72(a).  Similarly, under Rule 72(b), a party must file its objections to a magistrate

---

[2] Though Lobbin filed objections to Judge Aaron's order dated January 8, 2020, the substance of his arguments is aimed at Judge Aaron's decisions dated May 29 and July 5, 2019.  *See* ECF No. 114.

6

judge's report and recommendation on a dispositive motion "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Therefore, regardless of whether the motion for attorney's fees should have been considered a dispositive or non-dispositive matter, under either Rule 72(a) or (b)(2), Lobbin's time to file objections expired long ago. *See* ECF No. 92 (order dated May 29, 2019); ECF No. 100 (order dated July 5, 2019). Rather than raise objections to this Court, however, Lobbin filed direct appeals to the Second Circuit. *See* ECF Nos. 97 & 104. These appeals do not in any way toll the statutory timeline to file objections. *Cf. LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) (holding that a magistrate judge's ruling on a non-dispositive issue is not directly appealable to the court of appeals until the district court first resolves objections before it); *Sick v. City of Buffalo, N. Y.*, 574 F.2d 689, 693–94 (2d Cir. 1978) (holding that a magistrate judge's ruling for which a district court's final adoption is required is not appealable directly to the court of appeals). The Court will, therefore, address whether the January 13 Order properly extended the time to file objections.

"[A]lthough extensions before expiration of the time period may be with or without motion or notice, any *post* deadline extension must be upon motion made, and is permissible only where the failure to meet the deadline was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (internal quotation marks and citation omitted). Because the January 13 Order extended the objections period after the original deadlines had passed, the Court examines whether "excusable neglect" justified the deadline modification.

Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of movant. Rather, it may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad

faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco*, 71 F.3d at 93 (internal quotation marks and citations omitted). In determining whether "excusable neglect" exists, the Court must consider: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith." *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004).

The Court now concludes that its *sua sponte* extension of time was not supported by a party's "excusable neglect." First, Lobbin failed to follow Rule 72, which requires filing objections under either Rule 72(a) or (b)(2) to the district court, without any demonstration of reason that might excuse the oversight. Lobbin made repeated filings within or around the same window of time during which objections were due, *see* ECF Nos. 96 & 97, and he subsequently filed appeals, suggesting that "the reason for the delay . . . was within [his] reasonable control," in that he was apparently not unable to make timely submissions before a court, but chose instead to pursue an appeal rather than to object. *Williams*, 391 F.3d at 415. Second, Lobbin's objections were due within 14 days of May 29 and July 5, 2019, respectively, *see* ECF Nos. 92 & 100, and permitting objections and re-opening judicial review approximately a year later would significantly delay the expeditious resolution of the matter. *See Williams*, 391 F.3d at 415. The Court concludes that these factors counsel significantly against finding excusable neglect.

Indeed, in an analogous context, the Second Circuit held that a district court's granting of an extension of time constituted an abuse of discretion. In *Silivanch v. Celebrity Cruises, Inc.*, the Second Circuit found that counsel's misunderstanding of statutory deadlines was not excusable, and agreed with a sister court's holding that, "as a matter of law, an attorney's

misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." 333 F.3d 355, 370 (2d Cir. 2003) (internal quotation marks, citation, and alterations omitted). Federal Rule of Civil Procedure 72 sets clear deadlines for filing objections to a magistrate judge's orders on dispositive and non-dispositive motions, but Lobbin failed to adhere to those deadlines. In light of counsel's 25-years of federal litigation experience, *see* Pl. Opp. at 2, ECF No. 116, the Court does not find that such a misstep constituted "excusable neglect."

Accordingly, Defendants' motion for reconsideration is GRANTED, and the portion of the January 13 Order permitting an extension of time to file objections to Judge Aaron's orders on attorney's fees and reconsideration, ECF Nos. 92 & 100, is VACATED. Lobbin's objections, *see* ECF No. 114, are deemed untimely filed.

II.     Motion for Attorney's Fees

Having concluded that objections were not timely made to the magistrate judge's decisions on the motion for attorney's fees, the Court concludes that the parties have waived further judicial review. *See E.E.O.C. v. New York Foundling Hosp., Inc.*, No. 90 Civ. 1290, 1991 WL 120460, at *1 (S.D.N.Y. June 26, 1991) (holding that the waiver rule applied even where the magistrate judge's orders did not include the standard waiver warnings). Where no objections are timely filed, the Court reviews the R&R for clear error. *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). Having carefully reviewed Judge Aaron's orders on the motion for attorney's fees, ECF Nos. 92 & 100, the Court finds no clear error and ADOPTS the R&R in its entirety.[3]

---

[3] Although not required to do so, the Court has reviewed Plaintiff's objections and finds them to be without merit, as the objections restate arguments already made before the magistrate judge, or seek to relitigate issues already decided by this Court and thus were not properly subject to objections. "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments," a court reviews the report and recommendation

9

Accordingly, Defendants' motion for attorney's fees, ECF No. 80, is GRANTED in part and DENIED in part, and LCS Group, LLC, Stephen Lobbin, and Foundation Law Group LLP, jointly and severally, shall pay the sum of $133,803.75 to Defendants.

## CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration is GRANTED in part and DENIED in part, and the R&R is ADOPTED in its entirety. LCS Group, LLC, Stephen Lobbin, and Foundation Law Group LLP, jointly and severally, are hereby ORDERED to pay $133,803.75 to Defendants.

The Clerk of Court is directed to terminate the motion at ECF No. 112.

SO ORDERED.

Dated: June 22, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The Court finds no clear error in Judge Aaron's thorough opinions. Therefore, even if the Court were to accept the untimely-filed objections for consideration, they would be overruled.