UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LCS Group, LLC,

                      Plaintiff,

-against-

Shire LLC, Shire Development LLC, Shire PLC, and Haug Partners LLP,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/27/2020
```

18 Civ. 2688 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, LCS Group, LLC, brought this action against Defendants, Shire LLC, Shire Development LLC, Shire PLC, and Haug Partners LLP, alleging fraud and other claims stemming from a patent dispute. *See* ECF Nos. 1 & 27. On March 8, 2019, the Court granted Defendants' motion to dismiss and motion for sanctions. *See* ECF No. 75. The Court determined that, as the appropriate sanction, Plaintiff and its counsel, Stephen Lobbin and Lobbin's now-former law firm, Foundation Law Group LLP, must jointly and severally pay Defendants' attorney's fees and expenses associated with briefing the motion to dismiss and the motion for sanctions. *See id.* at 28, 37–38. The motion for attorney's fees was thereafter referred to the Honorable Stewart D. Aaron. ECF No. 84.

    On June 22, 2020, the Court granted in part and denied in part Defendants' motion for reconsideration and adopted the Report and Recommendation ("R&R") on Defendants' motion for attorney's fees. June 22 Order, ECF No. 119. Now before the Court is Plaintiff's motion for reconsideration of the June 22 Order. Pl. Mot., ECF No. 120. For the reasons stated below, the motion for reconsideration is DENIED.

    Motions for reconsideration are governed by Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and are entrusted to the "sound discretion" of the district court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). A court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

    Plaintiff contests the Court's conclusion in the June 22 Order that Plaintiff had failed to timely file objections to the R&R. Plaintiff argues that the Court should construe the motion for reconsideration that he filed after Judge Aaron's ruling on attorney's fees as objections to that order, Pl. Mot. at 2–4, despite the fact that the filing was fashioned as a motion for

reconsideration and invoked the Local Civil Rule and standard governing a reconsideration motion.  *See* ECF No. 96.  The authorities put forth by Plaintiff are, however, neither controlling nor persuasive.  *See* Pl. Mot at 3 (citing *Gibson v. Dir., TDCJ-CID*, 9:17 Civ. 188 (E.D. Tex. Dec. 6, 2019), ECF No. 75 at 2 (reclassifying a motion for reconsideration as objections where the motion was filed by a *pro se* plaintiff); *Sheneman v. Michigan*, 1:19 Civ. 147 (W.D. Mich. Dec. 30, 2019), ECF No. 23 at 1 (same); *Graves v. Cunningham*, No. 09 Civ. 5837, 2010 WL 2985473, at *2 n.1 (S.D.N.Y. July 27, 2010) (same); *Doe v. City of New York*, 05 Civ. 5439 (E.D.N.Y Jan. 5, 2010), ECF No. 51 at 1 n.1 (granting a request to reclassify a motion for reconsideration as timely objections where the request was promptly made when the error was discovered and upon consent of both parties)).  The cited authorities merely confirm the result in this case, where Plaintiff, despite having the benefit of experienced counsel, repeatedly misapplied the Local Civil Rules and the Federal Rules of Civil Procedure, missed a statutorily-imposed deadline to file objections without a showing of excusable neglect, and now—for the first time, more than a year after Judge Aaron's R&R—asks the Court to treat his motion for reconsideration addressed to Judge Aaron as objections addressed to this Court.  *See* June 22 Order at 6–9.

The remainder of Plaintiff's motion fails to raise any matters that the Court overlooked, and rehashes arguments previously rejected.  *See generally* Pl. Mot.  It is "well-settled," however, "that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, alteration, and citation omitted).

Accordingly, Plaintiff's motion for reconsideration is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 120.

SO ORDERED.

Dated:  August 27, 2020
        New York, New York

_____
ANALISA TORRES
United States District Judge